U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAR - 7 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GOLDIE MAE JACK** | : | **DOCKET NO. 07-0341** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **SUZANNE GALLOW** | : | **MAGISTRATE JUDGE HILL** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (doc. #30) filed by defendant, Suzanne Gallow wherein the mover seeks to dismiss the claims against her pursuant to Federal Rule of Civil Procedure 56 because there is no genuine issue of material fact that she did not discriminate against plaintiff, Goldie Mae Jack in violation of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Act Amendments of 1988. 42 U.S.C.A. §§ 3601-3619 ("Fair Housing Act"). Plaintiff has filed no response to the motion and the time period for filing said response has expired.

## FACTUAL STATEMENT

The entirety of Plaintiff's one page Complaint consists of the following:

> Coming in to courts Goldie Mae Jack filing a section 80(b) of F oR Title V of Civil Rights Act of 1968 as Amended by Fair Housing Act of 1988, which occurred on about July 5, 2005 in Basile, La. where I Goldie Mae Jack resided at the time of discrimination. I hope and pray the Courts wil [sic] eccept [sic] my plea. Dated:Feb. 21-07.

Ms. Gallow submits the following undisputed facts: Ms. Jack leased an apartment at Lakewood Apartments. The term under the lease agreement was from April 4, 2005 until April 30, 2006. Under the terms of the agreement, Ms. Jack was obligated to provide the rental office with

a copy of her DMV registration. Ms. Jack's vehicle was unregistered and had an expired license tag for the period of April 2005 through at least July 2005. Ms. Jack moved out of her apartment during the month of December 2006 before the expiration of her lease without providing the required 30 day notice. Ms. Jack did not pay her December rent. Lakewood Apartments determined that under the security deposit agreement, Ms. Jack forfeited her deposit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[2] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[3] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[4] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[5] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate

---

[1] Fed. R.Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

[3] *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999).

[4] *Vera v. Tue,* 73 F.3d 604, 607 (5th Cir. 1996).

[5] *Anderson,* 477 U.S. at 249.

by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[6] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[7] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[8]

## LAW AND ANALYSIS

Even though the complaint fails to allege specifically the acts of discrimination under the Fair Housing Act, Suzanne Gallow,[9] asserts that Ms. Jack complains of the following actions: (1) threatening to have Ms. Jack's car towed, (2) forcing Ms. Jack who is handicapped to walk to the police station, and (3) not refunding Ms. Jack's $100.00 security deposit. These complaints can also be confirmed by the "Determination of No Reasonable Cause" issued by the FHEO, pursuant to Ms. Jack's formal complaint to HUD.[10]

*Threat to tow car*

Ms. Jack complained that she had to move out of the Lakewood Apartments because of her fear that Ms. Gallow would have her car towed. Ms. Gallow denied that she threatened to tow Ms. Jack's car. Section 16 entitled **VEHICLE PARKING/PARKING LOTS:** § 2 provides that "[o]nly those vehicles belonging to a resident(s) under lease are allowed. Vehicles must be registered in the rental office and a copy of the DMV registration is required." Also in that same

---

[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).

[7] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

[8] *Anderson,* 477 U.S. at 249-50.

[9] Ms. Gallow was the manager of the apartments. See exhibit 9, p. 1, § II..

[10] Defendant's exhibit 9.

section, § 10. provides that "[d]isabled or inoperable vehicles are not allowed on the premises at any time. This includes vehicles with flat tires. Violators will be towed at the owner's expenses after proper notice."[11] Even assuming that a threat was in fact made, Ms. Jack admitted in her deposition testimony that her car was inoperable because it had an expired license tag and did not have a valid registration.[12] Thus, the manager had the legal right to have the car towed. Accordingly, the Court finds that even if a threat was made to have the car towed, there is no evidence of discrimination.

*Forcing Ms. Jack to walk to the police station*

Ms. Jack complains of being forced to walk to the police station. In her deposition testimony, Ms. Jack admits that it was her decision and/or choice to walk to police station rather than wait for the police to arrive.[13] Accordingly, this alleged conduct by Ms. Gallow was not discriminatory.

*Refusing to return security deposit*

Ms. Jack complains that refusing to return her $100.00 security deposit was discrimination. The Lease Agreement provides, in pertinent part, that "[i]n all cases, an advance thirty (30) day written notice of intent to vacate must be provided to the **LESSOR** and the **LESSEE** will be responsible for payment of the full amount of rent due for that thirty (30) day period whether he remains in the unit for the entire period or not."[14] Ms. Jack admitted in her deposition testimony that

---

[11] Defendant's exhibit 2 to exhibit 2, Ms. Jack Depo..

[12] Defendant's exhibit 2, Ms. Jack Depo. pp. 20, 21, 23-24.

[13] *Id.,* pp. 26-27.

[14] Lease Agreement, Defendant's exhibit 1, § 22.

she did not provide a written notice within 30 days.[15] Furthermore, Ms. Jack moved out of her apartment on or about December 6, 2005,[16] and she admits that did not pay December's monthly rental.[17] The Court finds that Ms. Jack forfeited her deposit by failing to provide the requisite notice and failing to pay her last month's rent. Accordingly, there is no basis for discrimination.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment will be granted dismissing with prejudice all claims against defendant, Suzanne Gallow.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of March, 2008.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[15] Defendant's exhibit 2, Ms. Jack Depo. p. 29.

[16] Defendant's exhibit 8.

[17] Defendant's exhibit 2, Ms. Jack Depo. 29-30.